MARC A. PILOTIN
Regional Solicitor
ANDREW SCHULTZ (CSBN# 237231)
Counsel for Wage and Hour
KATHRYN A. PANACCIONE (CSBN#332188)
Trial Attorney
Office of the Solicitor
United States Department of Labor
350 S. Figueroa Street, Suite 370
Los Angeles, California 90071
Telephone: (213) 894-3950
Facsimile: (213) 894-2064
Email: Panaccione.kathryn.a@dol.gov

Attorneys for Plaintiff Secretary of Labor

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JULIE A. SU, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>HOKULAKI SENIOR LIVING, LLC, a Hawaii limited liability corporation, OLALANI SENIOR CARE, LLC, a Hawaii limited liability corporation, MYRIAM TABANIAG, an individual, ROBERT TABANIAG, an individual;<br><br>Defendants. | Case No.: CV 23-00162 DKW-RT<br><br>**CONSENT JUDGMENT AND ORDER** |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendants Hokulaki Senior Living, LLC, Olalani Senior Care, LLC, Myriam Tabaniag and Robert Tabaniag ("Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment and Injunction ("Consent Judgment") as provided below.

## STATEMENTS BY AND AGREEMENTS BETWEEN THE PARTIES

A. The Secretary filed a Complaint in the above-captioned proceeding naming Defendants and alleging they violated provisions of sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. 207, 211(c), 215(a)(3), and 215(a)(5).

B. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District of Hawaii.

C. The parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

D. Defendants agree herein to resolve all allegations of the Secretary's Complaint.

E. Defendants admit that they have violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay overtime to employees identified on Exhibit 1 who worked more than 40 hours in a work week. Defendants admit that Hokulaki Senior Living, LLC, and Olalani Senior Care, LLC, are an enterprise as defined in FLSA § 3(r), 29 U.S.C. § 203(4). Defendants admit that employees regularly worked more than 40 hours in a work week at either Hokulaki Senior Living, LLC, Olalani Senior Care, LLC, or both. Defendants admit that, on payroll records, they allocated employees' hours to the two locations such that employees did not work more than 40 hours in a work week at either location.

F. Defendants admit that they have violated Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to keep accurate records of hours worked by employees identified on Exhibit 1. Defendants admit that Defendants

falsified on payroll documents how many hours employees worked at Hokulaki Senior Living, LLC, and Olalani Senior Care, LLC.

G. Defendants represent that they and all individuals and entities acting on their behalf or at their direction and any individual, entity, or corporation with ownership or managerial authority over Defendants have notice of, and understand, the provisions of this Consent Judgment.

## JUDGMENT AND PERMANENT INJUNCTION

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or participation with them, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of FLSA § 3(s), or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed. Defendants shall combine the hours of employees who worked at both Hokulaki Senior Living, LLC, and Olalani Senior Care, LLC, for payroll purposes each pay period.

2. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the FLSA, fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in

Title 29, Code of Federal Regulations, Part 516. Each branch within the enterprise must keep and preserve records that reflect employees' hours and pay at any branch of the enterprise. Specifically, Hokulaki Senior Living, LLC, and Olalani Senior Care, LLC must keep and preserve records that reflect an employee's hours and pay for hours that the employee worked at both Hokulaki Senior Living, LLC, and Olalani Senior Care, LLC.

3. Defendants shall not, contrary to Section 15(a)(3) of the FLSA, discharge; threaten to discharge, lay off, reduce the work schedule or wages, intimidate; fail to hire; in any other manner discriminate against any employee as a result of this litigation or because such employee has filed any complaint under or related to the FLSA or has spoken or provided information to the Secretary's representatives in connection with this litigation nor participated in or received a distribution from the proceeds of this action; or take any other action to deter employees from asserting their rights under the FLSA or to interfere with any U.S. Department of Labor investigation of wage or other violations.

4. Defendants shall not, jointly and severally, withhold payment of $143,639.84, which constitutes the back wages found to be due by the Defendants under the FLSA to the employees, who are identified by name and amounts owed in Exhibit 1, which is incorporated in and made part of this Consent Judgment and will be filed by the Secretary within 14 days of entry of this Consent Judgment.

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) of the FLSA, in favor of the Secretary as a judgment owed to the United States of America and against Defendants, jointly and severally, in the total amount of $287,279.68 which is comprised of $143,639.84 in unpaid overtime compensation owed by Defendants and, pursuant to authority expressly provided for in Section 16 of the FLSA, 29 U.S.C. § 216, an additional equal amount as liquidated damages of $143,639.84. Pursuant to this Judgment **IT IS HEREBY ORDERED THAT:**

7. Defendants, jointly and severally, owe and shall pay $143,639.84 in overtime pay hereby due under the FLSA and this Judgment to individuals on Exhibit 1,

which is incorporated and made part of this Consent Judgment. Additionally, Defendants, jointly and severally, owe and shall pay liquidated damages in the amount of $143,639.84, which are hereby due under the FLSA and this Judgment to individuals on Exhibit 1. The first payment in the amount of $143,639.84 is due 30 days after entry by the Court of this Consent Judgment. The balance of the judgment amount ($143,639.84) shall be delivered on or before the date each payment is due on the first of each month as set forth in Exhibit 2, which is incorporated and made part of this Consent Judgment. Interest shall apply to the balance of the judgment amount as set forth in Exhibit 2. Defendants shall make the payments required by this Consent Judgment (back wages and liquidated damages) by using the "WHD Back Wage Payment Form – Western Region" at https://www.pay.gov/public/form/start/77761888. The payment shall reference **Case Number 1944510.**

       8.     The Secretary shall distribute the proceeds from the settlement payments described in paragraph 7 in the amounts set forth in Exhibit 1, less deductions for employees' share of payroll taxes and for employees' income tax withholding on the back wage amounts, to the employees identified therein, or if necessary, to the employees' estates. Any monies not distributed to employees within three (3) years from the date of the Secretary's receipt of the settlement payout, because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

       9.     Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with Defendants, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from the individuals listed on the operative Exhibit 1. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Judgment. Violation of this Paragraph may subject

Defendants to equitable and legal damages, including punitive damages and civil contempt.

10. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with Defendants, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts their rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

11. Within thirty (30) days of the entry of this Consent Judgment, Defendants shall supply all of their employees with copies of the attached Exhibit 3, which summarizes the terms of this Consent Judgment and the employees' rights under the FLSA. In addition, Defendants shall provide copies of Exhibit 3 to all new hires, and conspicuously post a copy at all business offices in a location that is frequented by employees and where it is visible. This provision shall be in effect for a period of three years from the date of entry of this Consent Judgment by the Court.

12. Defendants shall, within thirty (30) business days after entry of this Consent Judgment and Order by the Court, hold meetings with all employees of Hokulaki Senior Living, LLC, and Olalani Senior Care, LLC, at a date and time agreeable to the Wage Hour Division, at which representatives of Wage Hour Division will be invited and can be present, either in person or virtually. At the all employee meetings, Defendants Miriam Tabaniag and/or Robert Tabaniag will tell all employees that all employees will receive time and a half of their hourly rate for all hours worked over forty in a workweek, regardless of whether the work occurs at Hokulaki, at Olalani, or at a combination of both. They will also tell all employees that they have the right to talk to the Wage Hour Division if they believe they are not being paid properly, and that Defendants will take no action to deter them or retaliate if they do so.

**FURTHER, IT IS HEREBY ORDERED THAT**

12. The filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1, nor as to any employee named on the attached Exhibit 1 for any period not specified therein, nor as to any employer other than Defendants.

13. Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

IT IS SO ORDERED.

Dated: April 28, 2023 Honolulu, Hawaii.          /s/ Derrick K. Watson

                                                        CHIEF UNITED STATES DISTRICT JUDGE

Consented to By:

| For Defendants: | For Plaintiff, Secretary of Labor: |
|---|---|
| *(signature)* <br> Myriam Tabaniag <br> Date: 3/15/23 | SEEMA NANDA <br> Solicitor of Labor |
| *(signature)* <br> Robert Tabaniag <br> Date: 3/24/2023 | MARC A. PILOTIN <br> Regional Solicitor <br><br> ANDREW J. SCHULTZ <br> Counsel, Wage and Hour |
| *(signature)* <br> Hokulaki Senior Living, LLC <br> By: MYRIAM R. TABANIAG <br>        Printed Name <br> Date: 3/15/23 | *(signature)* <br> KATHRYN A. PANACCIONE <br> Trial Attorney <br><br> Date: 3/24/2023 |
| *(signature)* <br> Olalani Senior Care, LLC <br> By: MYRIAM R. TABANIAG <br>        Printed Name <br> Date: 3/15/23 | |